# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

PAUL JONES,

      Plaintiff,

v.

SYNCRONY BANK

MONARCH RECOVREY MANAGEMENT INC

RATCHFORD LAW GROUP P.C

ERIN M. RECZEK, ESQ

      Defendant.

Civil Action No.   24CV30027

## VERIFIED COMPLAINT

1. This action arises out of Defendant's Synchrony Bank ("Synchrony") , Monarch Recovery Management Inc., ("Monarch"), Ratchford Law Group P.C ("Ratchford") and Erin M. Reczek ("Erin") repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in its illegal efforts to collect a consumer debt.

## JURISDICTION

2. Venue is proper because the complained of events occurred in this district and all defendants conduct business in this district.

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2)

1

## PARTIES

5. Plaintiff, Paul Jones is an adult individual residing at 79 Thompson Street Springfield, Ma 01109 Hampton County Massachusetts, and is a "debtor" as defined by 940 C.M.R. *§* 7.03. and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).,and  MGL 93a.

6. Defendant, Synchrony Bank, is a federal savings bank headquartered at 170 West Election Road, Suite 125, Draper, Utah 84020, and is a "creditor" as defined by 940 CMR § 7 .03. Upon information and belief, Synchrony does not maintain a place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth of Massachusetts and is a "creditor" as defined by 940 CMR § 7.03.

7. Defendant Monarch Recovery Management Inc. is a collection agency with its principal office located at 3260 Tillman Drive, Suite 75, Bensalem, Pennsylvania 19020.

8. Defendant Ratchford Law Group P.C ("Ratchford") is a law firm located at 89 Newbury St, Ste 106, Danvers, MA 01923 and is a debt collector.

9. Defendant Erin M. Reczek and is an attorney that is located at 89 Newbury St, Ste 106, Danvers, MA 01923 and is a debt collector.

10. Does 1-5 (the "Collectors") are individual collectors employed by Ability and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

## ALLEGATIONS

### THE DEBT

11. Plaintiff allegedly incurred a financial obligation (the "Debt") to Synchrony Bank the original creditor (the "Synchrony").

**12.** Defendant Synchrony attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7 .03.

**13.** At all relevant times all defendants attempted to collect the Debt from Plaintiff, the Debt was alleged to be more than thirty days past due.

**14.** Plaintiff allegedly incurred a financial obligation arising out of a personal credit card loan (the "Debt") which meet the definition of a "debt" under 940 CMR § 7.03.

**15.** The Debt arose from the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

**16.** The Debt was purchased, assigned, or transferred to Monarch, Ratchford Law Group P.C and / or Erin M. Reczek for collection, or was employed by Synchrony to collect the Debt.

**17.** Defendants Monarch, Ratchford and Erin attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### Synchrony & Monarch Engages in Unfair Business Practices
### Excessive Phone Calls Claim

**18.** Defendant Synchrony and Monarch whose regular practice is to call its Massachusetts residents on a near-daily basis to collect consumer debts. *See, e.g.,* https://www.bbb.org/us/oh/kettering/profile/credit-cards-and-plans/synchrony-0322 5001136/customer-reviews ( customer complaints regarding Synchrony included that Synchrony placed daily collection calls) (last visited Oct. 13, 2020).

**19.** Defendants Synchrony's and Monarch calling practices are illegal in Massachusetts as the Massachusetts Attorney General has regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such

communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number, for each debt .... " 940 CMR § 7.04(1)(f); *see also Armata v. Target Corp.,* 480 Mass. 14, 15-16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as ... the creditor is able to reach the debtor or to leave a voicemail message for the debtor.") (quoting 940 CMR § 7.04(1)(t)).

20. Defendants Synchrony's and Monarch placed more than two collection calls to Plaintiff Paul Jones ("Plaintiff") within a seven-day period in an attempt to collect a debt, violating the express provisions of§ 7.04(1)(f).

21. Plaintiff allegedly incurred a financial obligation arising out of a personal credit card loan (the "Debt") which meet the definition of a "debt" under 940 CMR § 7.03.

22. Defendants Synchrony and **Monarch** attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7 .03.

23. Defendants Synchrony and **Monarch** called Plaintiffs cellular telephone in an attempt to collect the Debt.

24. Defendants Synchrony and **Monarch** called Plaintiffs cellular telephone at number 617-939-5417.

25. Defendants Synchrony and **Monarch** placed the calls from, inter alia, private number, telephone numbers ending in 855-844-0114,844-280-6824, 6701, 6698, 6709, 6739, 6724, 6698, 6701, 6768, for the last 18 months.

26. Defendants Synchrony and **Monarch** left computerized voice messages with calls from, inter alia, private number, telephone numbers and numbers ending in 855-844-0114,844-280-68246701, 6698, 6709, 6739, 6724, 6698, 6701, 6768 for the last 18 months.

27. Within the last 18 months, Defendants Synchrony and **Monarch** called Plaintiffs cellular telephone in excess of two times within a seven-day period in an attempt to collect the Debt, over and over.

28. Defendants Monarch and Synchrony called from blocked number more than two times in a seven day period.

29. At all times that Defendants Synchrony and **Monarch** called Plaintiffs cellular telephone in an attempt to collect the Debt, Plaintiffs voicemail was set up and functioning properly.

30. Defendants Synchrony and **Monarch** repeated calls wasted Plaintiffs time and energy spent tending to Synchrony calls.

31. Synchorny committed unfair acts by making unlawfully frequent contacts with borrowers by telephone by calling plaintiff more than two times in a seven day period contrary to 940 C.M.R. § 7.04(1).

32. Communications with a debtor are unfair if they are undertaken "with unreasonable frequency." G.L. c. 93, § 49(c). Creditors may not initiate more than two telephone communications with a debtor during any seven day period. See 940 C.M.R. § 7.04(1). "." *Commonwealth v. Credit Acceptance Corp.*, Docket: 2084CV01954-BLS2, (Mass. Super. Mar. 15, 2021).

33. This Call Regulation applies "whether the telephonic message is live, via text message, or via recorded audio message." Armata v. Target Corp., 480 Mass. 14, 20 (2018).

**34.** It therefore "applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as … the creditor is able to reach the debtor or to leave a voicemail message for the debtor." Id. at 15–16. A violation of § 7.04(1)(f) will constitute a violation of G.L. c. 93A. See 940 C.M.R. § 3.16(3). See *Commonwealth v. Credit Acceptance Corp.*, Docket: 2084CV01954-BLS2, (Mass. Super. Mar. 15, 2021).

## MONARCH, ERIN AND RATCHFORD LAW GROUP P.C CONDUCT CONTRARY TO THE FDCPA

**35.** This action arises out of Defendants' Monarch Recovery Management Inc., Erin M. Reczek and Ratchford Law Group P.C  debt collectors repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA").

**36.** The Debt was purchased, assigned, or transferred to Monarch, Erin and / or Ratchford for collection and or was employed by the debt collector Monarch or Creditor Synchrony to collect the Debt.

**37.** The Defendants Monarch Recovery Management Inc., Erin M. Reczek and Ratchford Law Group P.C attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## THE DEFENDANT MONARCH FAILURE TO INCORPORATE THE CFPB NEW REGULATION (F) VERBIAGE IN THEIR DUNNING LETTER WHICH TOOK EFFECT NOVEMBER 30, 2021

**38.** Defendant Monarch purchased or was assigned the allegedly defaulted debt to collect. Therefore, Defendant Monarch a "debt collector" as defined by 15 U.S.C. § 1692a(6).

39. Defendant Monarch collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

40. Defendant Monarch contracted Erin and Rachet to collect Synchrony old, alleged debt.

**Violation – July 3, 2023, Collection Letter**

41. On July 3, 2023, Defendant Monarch mailed a letter to Plaintiff in an attempt to collect a Debt of $5037.41. **See Exhibit 1.**

42. Plaintiff sent Monarch a debt validation request on July 17, 2023, after receiving Monarch debt validation letter on July 3, 2023.

43. Defendant Monarch disregarded or failed to adequately investigate plaintiff written disputes.

44. Defendant Monarch failed to send the plaintiff account level documentation to validate the debt including an original credit card application and statements.

45. Pursuant to 15 U.S.C. § 1692l(d) "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

46. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

47. The July 3, 2023, Letter contains some of the notices previously required by 15 U.S.C. § 1692g, but does not include the additional information required by Regulation F.

48. Specifically, the Letter only provides the following:

Amount: $5037.41

Name of the creditor: Synchrony  Bank

No Name of the Original Creditor:

49. Defendant Monarch July 3, 2023, correspondence fails to include most of the information described in the CFPB section CFR § 1006.34.

50. The letter failed to advise Plaintiff of his right to dispute the Debt within 30 days, the address of Defendant's July 3, 2021, correspondence does not comply with 12 CFR 1006.34, which outlines multiple requirements debt collectors must adhere when sending dunning letters to consumers above such as :

- Itemization date and amount of debt on the itemization date
- Itemization of the current amount of debt
- Information about consumer protections
- Consumer-response information (attached in a tear-off format for paper notices) charge off date of the subject debt.

51. Instead, in its letter, Monarch offered plaintiff free payment option plans and it was not Compliant use of the model validation notice which provides safe harbor for the Rule's content and format requirements.  12 CFR 1006.34(d)(2).

52. The option plan overshadowed Plaintiff's right to dispute the Debt within 30 days.

53. Frustrated over Defendant's Monarch conduct, Plaintiff spoke with several attorney regarding her rights.

54. Plaintiff had to come up with money to file this lawsuit and the Plaintiff has incurred costs and expenses consulting with attorneys and filed this lawsuit as a result of Defendant's Monarch conduct.

55. Accordingly,  the Letter failed to include multiple disclosures and statements required pursuant the rules promulgated by the CFPB.

56. Specifically, the Letter fails to include an itemization date of any kind, any reference to an itemization date or a statement specifying the creditor on such date in violation of 12 CFR § 1006.34(c)(2).

57. Additionally, the Letter failed to provide any of the specific dates required under 12 CFR § 1006.34(c)(3) and thus it failed to properly advise Plaintiff of the relevant information concerning consumer protections.

58. The Letter further failed to provide the necessary Consumer-response information required under 12 CFR § 1006.34(c)(4).

59. In addition to failing to provide all of the information required by the various subsections of 12 CFR § 1006.34(c), the Letter also failed to clearly and conspicuously provide the validation information generally, in violation of 12 CFR § 1006.34(d).

60. Plaintiff sent defendant Monarch several debt validation request by USPS defendants failed to send plaintiff original account level documentation from $0-$5037.14 they say I owed.

61. Defendants also failed to provide the required disclosures in a manner that was reasonably expected to provide actual notice in violation of 12 CFR § 1006.42.

62. As a result, Plaintiff was unable to determine precisely when the validation periods would end, which the CFPB determined was necessary to have a fully informed consumer.

63. Defendants' Monarch omissions and misrepresentations cause a negative shadow over its debt collection practice in general.

64. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

65. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

66. To that end, one important element of consumer protection revolves around keeping the consumer informed.

67. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

68. However, when a debt collector withholds key information about debt from the consumer, they encourage rash decision-making and consumers are left without any power to face a debt collector in a meaningful way.

69. Accordingly, when a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

70. As a result of Defendants' Monarch multiple FDCPA violations, Plaintiff was unable to evaluate his options of how to handle this debt.

71. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

72. These violations by Defendants Monarch were knowing, willful, negligent, and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid such violations.

73. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

74. Congress further empowered the CFPB to promulgate rules for debt collectors to follow in their attempts to collect a debt.

75. As noted above, the CFPB set forth a series of rules under Regulation F, the primary purpose of such rules to ensure that the consumer is completely advised as to the status of the debt.

76. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue of the traditional tort of fraud.

77. Defendants' Monarch debt collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

78. Defendants' Monarch violations were material misrepresentations because they are likely to affect Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead Plaintiff, who was acting reasonably under the circumstances.

79. Specifically, Defendants' Monarch careless, deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts.

80. Plaintiff was confused and misled to his detriments by the statements in the Letter and relied on the contents of the Letter to her detriment.

81. Plaintiff would have pursued a different course of action were it not for Defendants' Monarch statutory violations.

11

82. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

83. As a result of Defendants' Monarch deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

84. Defendants' Monarch actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

85. Plaintiff was confused and missed to her detriment by the statements and/or omissions in the dunning letter, and relied on the contents of the letter to his detriment.

86. Plaintiff would have pursued a different course of action were it not for Defendants' Monarch statutory violations.

87. As a result of Defendants' Monarch deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

**DEFENDANTS RATCHFORD LAW GROUP P.C ERIN M. RECZEK, ESQ**

88. The Defendants Erin and Ratchford failed to validated the debt with account level documentation when plaintiff sent three validations of debt on July 27, 2023, November 18, 2023, and on November30, 2023.

89. The Defendants Erin and Ratchford sued plaintiff without having or sending account level documentation. **See Exhibit 2.**

90. The defendants Erin and Ratchford sued the plaintiff in Small claims court without obtaining the underlying documentation, such as original account statements, original Credit contracts and credit agreements, necessary to ensure the debt was valid and accurate.

91. Defendants Erin and Ratchford falsifying information that Synchrony was suing the plaintiff when in fact the debt was charged off and resold.

92. The defendants Erin and Ratchford misled the plaintiff and the Hampden county Small claims court when they filed a lawsuit and claimed Synchrony was the plaintiff after Synchrony charged the debt off and sold it.

93. Defendants Erin and Ratchford pursued a consumer's based lawsuit against the plaintiff on this falsified information that Synchrony was the plaintiff when they were not.

94. Defendant Erin and Ratchford knew that Plaintiff did not owe synchrony $5037.41 when they sued plaintiff.

95. Defendant Erin and Ratchford knew that synchrony was not the actual plaintiff in the Small Claims case 2323SC002694 when they sued plaintiff. **See Exhibit 2.**

96. Defendant Erin and Ratchford knew the seller of plaintiff's debt didn't promise it was accurate or valid.

97.  Defendant Erin and Ratchford knew the debt was part of a portfolio they knew included unsupportable or inaccurate information before they sued plaintiff in the Small Claims court. **See Exhibit 2.**

98. Defendant Erin and Ratchford did not have documents and information showing the debt was accurate and enforceable before they sued the plaintiff on September 29, 2023. **See Exhibit 2.**

99. Defendant Erin and Ratchford fail to provide the plaintiff with information about a debt, such as the name of the creditor and charge-off balance, when plaintiff sent the debt validations on July 27, 2023, November 18, 2023, or on November30, 2023.

100.     Defendant Erin and Ratchford failed to offer to provide plaintiff with original documents relating to the account before they file the September 29, 2023, lawsuit against the plaintiff.

101.     Defendant Erin and Ratchford disregarded or failed to adequately investigate plaintiff written disputes.

### Plaintiff Suffered Actual Damages and Injury

102.     Plaintiff has a concrete and particularized injury" that provides Article III standing.

103.     Plaintiff has Article III, prudential and statutory standing to bring this lawsuit.

104.     Defendants Erin and Rachet injured plaintiff when they sued me without anu account level documentation.

105.     Defendant Synchrony and Monarch injured plaintiff when the called me more than two times in a 7 day period

106.     All defendants caused plaintiff harm when they wasted my time and money to file this lawsuit.

107.     As a direct consequence of Synchrony's repeated calls to Plaintiffs cellular telephone in an attempt to collect the Debt, Plaintiff became angry, frustrated, and anxious, and suffered from emotional distress.

108.     Synchronies and Monarchs repeated calls to Plaintiff were also distracting and an inconvenience to Plaintiff, and wasted Plaintiffs time and energy spent tending to Synchrony's calls.

109.     All defendants illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff.

**COUNT I**

**VIOLATIONS OF M.G.L. c. 93A, § 2, AND 940 CMR § 7.04(1)(1)**

**DEFENDANTS SYNCRONY AND MONARCH**

110.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

111.     Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiffs cellular telephone in violation of 940 CMR § 7.04(l)(f).

112.     Defendant's failure to comply with 940 CMR § 7.04(1}(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A *§* 2.

113.     Defendant willfully or knowingly violated 940 CMR § 7.04(1)(t), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

114.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt.

115.      Pursuant to M.G.L. c. 93A, *§* 9, Plaintiff is entitled to and does seek declaratory relief such that:

116.     Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7 .04(1 )(f) as to Plaintiff and the class; and It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers regarding a debt.

**WHEREFORE**, Plaintiff asks that the Court enter judgment in favor of Plaintiff against Defendants Synchrony and Monarch , as follows: An injunction preventing Defendants from

placing in excess of two collection calls within any seven days to any Plaintiff a

Massachusetts consumers' telephone regarding a debt; Awarding actual and/or statutory

damages under M.G.L. c. 93A § 9, Awarding treble damages under M.G.L. c. 93A § 9;,

Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to M.G.L.

c. 93A § 9; and  Granting such other and further relief this Court deems just and appropriate.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*
### MONARCH, RATCHFORD AND ERIN

117.     Plaintiff repeats, reiterates, and incorporates the allegations contained in

paragraphs above herein with the same force and effect as if the same were set forth at

length herein.

118.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §

1692e.

119.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive,

or misleading representation or means in connection with the collection of any debt.

120.     Defendants violated §1692e :

A. The Letter omits a required representation of the character, amount and/or legal status

of the debt in violation of § 1692e(2)(A);

B. By failing to include all of the necessary information regarding the debt, including the

itemization date, the name of the creditor to whom the debt was owed on the itemization

date, the total amount due at the itemization date, and an itemization of the current

amount of debt reflecting interest, fees, payments, and credits since the itemization date in violation of § 1006.34(c)(2);

**C.** By failing to include any specification as to the dates that the validation period would end in violation of § 1006(c)(3); and

**D.** By failing to include the dispute prompts prepared by the CFPB, or anything resembling the same, in violation of § 1006.34(c)(4).

**E.** By making a false and misleading representation in violation of §1692e(10).

121.　　By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated the FDCPA by failing to comply with the rules set forth in 12 CFR § 1006 *et seq.*, actual damages, statutory damages, costs, and attorney's fees.

**WHEREFORE,** Plaintiff demands judgment from Defendants as follows: Awarding Plaintiff and statutory and actual damages; costs of this Action, including reasonable attorneys' fees and expenses;

pre-judgment interest and post-judgment interest; and awarding Plaintiff any such other and further relief as this Court may deem just and proper.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g et seq.
## MONARCH, RATCHFORD AND ERIN

122.　　Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

123.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

124.    Pursuant to 15 U.S.C. §1692g(a)(1), a debt collector must provide notice of a debt, including the amount of the debt.

125.    Defendants violated §1692g(a)(1):

a. As the letter fails to clearly state who the current creditor is.

126.    By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692g(a)(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment from Defendants as follows: Awarding Plaintiff and statutory and actual damages; costs of this Action, including reasonable attorneys' fees and expenses;

pre-judgment interest and post-judgment interest; and awarding Plaintiff any such other and further relief as this Court may deem just and proper

## COUNT IV

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

### DEFENDANTS RATCHFORD LAW GROUP P.C AND ERIN M. RECZEK, ESQ

127.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

128.    The Defendants failed to validated the debt with account level documentation.

129.     The Defendants sued plaintiff without account level documentation this includes regularly suing individuals without obtaining underlying documentation, such as account statements and credit agreements, necessary to ensure the debt is valid and accurate.

130.     Defendants falsifying information that Synchrony was suing the plaintiff when in fact the debt was charged off and resold.  .

131.     Defendants pursue consumers based lawsuit against the plaintiff on this falsified information that Synchrony was the plaintiff when they were not..

132.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

133.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

134.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

135.     The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

136.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

137.     The Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement creating the Debt.

138.    The Defendant's conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

139.    The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants overshadowed Plaintiff's right to dispute the Debt.

140.    The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions. The Plaintiff is entitled to damages as a result of Defendant's violations.

**WHEREFORE**, Plaintiff demands judgment from Defendants as follows: Awarding Plaintiff and statutory and actual damages; costs of this Action, including reasonable attorneys' fees and expenses;

pre-judgment interest and post-judgment interest; and awarding Plaintiff any such other and further relief as this Court may deem just and proper

## COUNT V
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

### DEFENDANTS RATCHFORD LAW GROUP P.C AND ERIN M. RECZEK, ESQ

141.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

142.    The Defendant employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

143.    Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**WHEREFORE,** the Plaintiff prays that judgment be entered against Defendant For Actual damages, Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3); and Costs of litigation against Defendants Ratchford and Erin.

**DEMAND FOR JURY TRIAL**

Paul Jones

79 Thompson Street

Springfield, Ma 01109                                     February 14, 2024

617-939-5417

Pj22765@gmail.com

21